*E-Filed 6/9/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RALPH LUGO,

        Plaintiff,

    v.

SAYRE, et al.,

        Defendants.

_____/

No. C 13-1145 RS (PR)

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

**INTRODUCTION**

    This is a federal civil rights action filed pursuant to 42 U.S. C. § 1983 by a *pro se* state prisoner. Defendants move for summary judgment (Docket No. 19), and have provided plaintiff with the required warnings under *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc). Plaintiff has not filed an opposition. For the reasons stated herein, defendants' motion is GRANTED as to all claims against all defendants.

**DISCUSSION**

**I.    Standard of Review**

    Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a

United States District Court
For the Northern District of California

reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  In contrast, on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  The court is only concerned with disputes over material facts.  "[F]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.  It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.*  If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

## II.    Claims

Plaintiff alleges that defendants M. Sayre, chief physician and surgeon at Pelican Bay State Prison, and N. Ikegbu, a physician and surgeon at Pelican Bay, provided, or were responsible for providing, constitutionally inadequate medical care for his end-stage liver disease caused by Hepatitis C.  The motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

issues of fact). The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds sub nom. *Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers in support of the motion for summary judgment are evidence that the defendants provided and did not impede the provision of constitutionally adequate medical care to plaintiff. More specifically, the evidence shows that defendants were aware of plaintiff's medical needs and adequately addressed them with medical care acceptable under the circumstances. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). During his treatment by defendants, he had at least thirty-four appointments with medical staff, received many tests and medications, received various treatments which were adjusted to treat his changing condition, and such treatments were decided upon after repeated medical analyses of plaintiff's condition, and after consultation with him. In sum, the movants' papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. Accordingly, defendants' motion for summary judgment is GRANTED in favor of all defendants.

### CONCLUSION

Defendants' motion for summary judgment is GRANTED in favor of all defendants as to all claims. The Clerk shall enter judgment in favor of defendants M. Sayre and N. Ikegbu as to all claims, terminate Docket No. 19, and close the file.

**IT IS SO ORDERED**.

DATED: June 9, 2014

_____
RICHARD SEEBORG
United States District Judge